IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMIE MARIE MCDONNOR                                                                    PLAINTIFF

v.                                    Civil No. 09-2050

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jamie McDonnor, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

The plaintiff filed her application for SSI on August 3, 2006, alleging disability since June 14, 2006, due to fibromyalgia syndrome, polyarthralgias, the residuals of bilateral carpal tunnel release surgery, visual impairment, intrinsic asthma, and depression. (Tr. 74, 115-118, 131,140-147, 169-170, 185-190). Her applications were initially denied and that denial was upheld upon reconsideration. (Tr. 74, 85-90). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on June 28, 2006. (Tr. 536-559). On December 5, 2007, an administrated hearing was held. (Tr. 20-55). Plaintiff was present and represented by counsel.

**AO72A**
**(Rev. 8/82)**

At this time, plaintiff was 46 years of age and possessed the equivalent of a high school education. (Tr. 23, 83, 115). She had past relevant work experience as a shipping clerk, fast food worker, fast food restaurant assistant manager, poultry processing plant worker, and home care worker. (Tr. 82, 132, 148-167).

On February 20, 2008, the ALJ found that plaintiff's fibromyalgia syndrome with polyarthralgias and the residual effect of bilateral carpal tunnel surgeries were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 76). He also concluded that plaintiff's alleged visual impairment, intrinsic asthma, and depression were not severe. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity perform a range of light work that did not involve sitting for more than four hours; allowed her to sit and stand at will; allowed her to take a fifteen minute break every two hours; and, allowed her to be off work one day per month. He stated that plaintiff could walk continuously for no more than one city block, could sit continuously for not more than one hour at a time, and could stand continuously for no more than one hour at a time. The ALJ also indicated that plaintiff should not perform rapid alternating movements, but could use her hands and arms to reach, handle, push, and pull. Further, she could only occasionally twist or bend at the waist and must avoid concentrated exposure to extreme cold and heat; high humidity; fumes, odors, dusts, and gasses; perfumes; cigarette smoke; soldering fluxes; solvents/cleaners; and, chemicals. (Tr. 79). With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a cashier II. (Tr. 84).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on February 26, 2009. (Tr. 1-3). Subsequently, plaintiff filed this action. (Doc. # 6, 8). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6, 8).

## II. Applicable Law

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

As previously noted, plaintiff has alleged depression as a disabling impairment. Whenever an adult claimant alleges a mental impairment, the application of a special technique must be followed. *See* 20 C.F.R. § 416.920a(a). Psychiatric review technique ("PRTF") analysis is required to be conducted and documented at each level of the review process, including the ALJ level. 20 C.F.R. § 416.920a(a)-(e). The technique involves determination of whether there is a mental impairment followed by a rating of the degree of functional limitation resulting from the mental impairment. The Commissioner is then charged with rating the degree of functional

limitation, and applying the technique to evaluate mental impairments. *See* 20 C.F.R. § 416.920a(d). Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. *See* 20 C.F.R. § 416.920a(e).

Evidence of record indicates that plaintiff has been diagnosed with and treated for depression since for several years. The ALJ determined that plaintiff's depression was non-severe, but the record does not contain a PRTF analysis. In fact, the record does not even contain a mental RFC assessment. As such, we believe that remand is necessary to allow the ALJ to obtain a mental PRTF and a mental RFC assessment as these documents are vital to a determination of plaintiff's true mental limitations.

Further, although the ALJ found plaintiff's fibromyalgia to constitute a severe impairment, he later dismissed it, stating there were no records of x-rays, MRI scans, or CT scans supporting the fibromyalgia diagnosis. (Tr. 81). He also stated that the record lacked trigger point testing to confirm the diagnosis of fibromyalgia. However, the ALJ has misstated the evidence of record. On September 12, 2006, plaintiff complained of problems with her knees, ankles, shoulder, and right ring finger, poor vision, bad headaches, and acid reflux. (Tr. 191-192, 253-254). She stated that all areas of polyarthralgia were getting worse, including her back. These joints were reportedly stiffer, they popped, they gave way, and they were sore "at all times." The doctor noted that x-rays of her shoulder and left knee dated May 2004 were normal. Plaintiff stated she had also undergone x-rays of her lumbar spine in 2004, but did not know the results. An examination revealed multiple tender joints and periarticular tendons and muscles of both elbows, both shoulders, both knees, both wrists, both hips, and both ankles. There was a decreased range of motion in the shoulders and right ankle. The doctor diagnosed plaintiff with

chronic fibromyalgia, polyarthralgia, history of depression now taking Wellbutrin, status post bilateral carpal tunnel release in 1994, status post right ankle fracture requiring surgery in 1993, and mild osteoarthritis of the ankles and lumbar spine. Dr. Bishop advised her to continue Tramadol, Mobic, Wellbutrin, and Combivent. (Tr. 191-192, 253-254).

On August 17, 2007, Dr. Bishop completed a lumbar spine RFC questionnaire. (Tr. 238-242). He again identified multiple tender joints, ligaments, and muscles, as objective evidence of plaintiff's impairment. If the ALJ had questions concerning Dr. Bishop's diagnosis or his RFC assessment, he should have contacted him for clarification. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that ALJ's duty to develop the records includes seeking clarification on critical issues). Accordingly, we believe remand is necessary to allow the ALJ to reconsider the evidence concerning plaintiff's fibromyalgia diagnosis. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Should the ALJ have questions regarding plaintiff's condition or limitations, he is directed to contact plaintiff's treating doctor for clarification.

We also note that the ALJ adopted all but one portion of plaintiff's treating doctor's RFC assessment. On August 17, 2007, Dr. Bishop completed a lumbar spine RFC questionnaire. (Tr. 238-242). He indicated that he had been treating plaintiff since June 15, 2004, for fibromyalgia. Dr. Bishop identified multiple tender joints, ligaments, and muscles; swelling; muscle spasm; muscle weakness; weight change; impaired sleep; a limited range of motion in her right ankle; and, scars as objective evidence of plaintiff's impairment. He stated that she suffered from chronic pain in all her joints, neck and back pain, and fatigue. Dr. Bishop rated plaintiff's pain as moderate severity and indicated that it improved with rest and worsened with activity. He was

6

of the opinion that emotional factors did contribute to the severity of plaintiff's symptoms and functional limitations. Dr. Bishop stated that she would often experience symptoms severe enough to interfere with her attention and concentration. He also indicated that she experienced dry mouth, dizziness, and drowsiness as side effects from her medication. Dr. Bishop concluded that plaintiff's impairments restricted her to walking one city block without rest, continuously sitting and standing for one hour, and sitting, standing, and walking for about four hours total per eight-hour workday with normal breaks. He was of the opinion she would need periods of walking during an eight-hour workday. Dr. Bishop stated that plaintiff would need to walk around every hour for five to six minutes; be able to shift from sitting, standing, and walking; and, take unscheduled fifteen minute breaks every one to two hours throughout the eight-hour workday. He also opined that plaintiff could lift up to ten pounds frequently and twenty pounds occasionally. Further, Dr. Bishop reported that plaintiff could bend and twist only 25% of the time. He believed that plaintiff's impairments would cause her to miss at least one day of work per month. (Tr. 238-242).

After conferring with the vocational expert and learning that no jobs would exist for plaintiff if she needed to take an unscheduled break every hour, the ALJ concluded that plaintiff only needed a break every two hours. (Tr. 37-43, ). However, Dr. Bishop's assessment indicates that she would need to walk about every hour for five to six minutes and would need a fifteen minute break every one to two hours. At the hearing, the ALJ spent a great deal of time questioning the plaintiff concerning how Dr. Bishop arrived at his determination that plaintiff needed to walk around for five to six minutes every hour. (Tr. 43-53). He did not, however, contact Dr. Bishop for clarification. He also failed to provide any justification for his dismissal

7

of Dr. Bishop's opinion that plaintiff would need to walk for approximately five to six minutes every hour. *See Holmstrom v. Massanari,* 270 F.3d 715, 720 (8th Cir. 2001)(holding ALJ must give good reasons for whatever weight he gives the treating physician's opinion). As such, we believe remand is necessary to allow the ALJ to develop the record further concerning plaintiff's RFC. *See Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight).

**IV.  Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of February 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE